UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 9, 2026

MEMORANDUM TO PARTIES RE: Elbert Gaynor v. Calvin Ball, et al.
Civil Action No. GLR-25-3243

Dear Parties:

Pending before the Court is Defendants Maryland Department of Housing and Community Development (the "Department"), Maryland Secretary of Housing and Community Development Jacob Day, and the State of Maryland's (collectively, "State Defendants") Motion to Dismiss (ECF No. 62). The Court may rule on the Motion, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons stated below, the Court will grant the Motion.[1]

**Background**[2]

This action arises from self-represented Plaintiff Elbert Gaynor's unsuccessful attempts to apply for emergency rental assistance. In December 2020, under the Consolidated Appropriations Act of 2021 (the "CAA"), the United States Congress appropriated $25 billion for the purpose of providing emergency rental assistance. Consolidated Appropriations Act of 2021, Pub. L. No. 116-260, § 501(a)(1), 134 Stat. 1182, 2069–75 (2020). Congress allocated a portion of the appropriated funds for payment to state and local governments, which were to use the funds "to provide financial assistance and housing stability services to eligible households." Id. § 501(b)(1), (c)(1), 134 Stat. at 2070–72. Three months later, under the American Rescue Plan Act of 2021 ("ARPA"), Congress appropriated an additional $21.55 billion for providing emergency rental assistance to eligible households, in part through state and local governments. American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2, § 3201(a)(1), (b)(1), (d), 135 Stat. 4, 54–56 (2021). According to Gaynor, the United States Treasury "issued its [emergency rental assistance program] contracts" on January 5, 2021, "and listed the State of Maryland[] as its recipient to receive emergency rental assistance with funds from the [CAA]." (Second Am. Compl. ["Am. Compl."] at 46, ECF No.

---

[1] Also pending before the Court are self-represented Plaintiff Elbert Gaynor's Motion for Reconsideration of Judge's 4/27/26 Order ("Motion for Reconsideration") (ECF No. 57), Motion to Extend Time and Postpone Ruling to Supplement a Motion for Reconsideration of 4/27/26 Order ("Motion to Supplement") (ECF No. 59), and Motion for Extension of Time to Respond to the Court's Rule 12/56 Notice ("Motion to Extend") (ECF No. 70). For the reasons set forth below, the Court will deny these Motions as moot.

[2] Unless otherwise noted, the Court takes the following facts from Gaynor's Second Amended Complaint (ECF No. 65) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

65).[3] He states that former Maryland Governor Larry Hogan applied to receive funding for emergency rental assistance from the United States Treasury on January 8, 2021, and that former Maryland Secretary of Housing and Community Development Kenneth Holt signed "United States Treasury contracts" on May 6, 2021. (Id. at 30, 36, 46).

On July 18, 2022, Gaynor contacted the Department about an issue with its website that was impacting his ability to file an application for emergency rental assistance. (Id. at 31, 36). A Department representative acknowledged the issue and told Gaynor that the Department would update its website; however, the Department did not do so. (Id.). On October 17, 2022, Gaynor attempted to file an application for emergency rental assistance with the Department, but a Department representative informed him that they were not aware of any emergency rental assistance program. (Id.). Gaynor contacted the Department again on January 31, 2023, to apply for emergency rental assistance, and a representative told him that the program was closed. (Id. at 31, 37). On July 28, 2023, Gaynor attempted to apply for emergency rental assistance via email to Secretary Day. (Id.). Secretary Day did not respond to Gaynor's email. (Id.). Gaynor then emailed Maryland Governor Wes Moore on October 23, 2023 regarding "issues with submitting emergency rental assistance applications through agencies under his leadership" and requested information on how to apply. (Id. at 42). Governor Moore also did not respond to Gaynor's email. (Id).

Extended Stay America, where Gaynor had resided since at least December 2022, evicted him in April 2024. (Id. at 51–52, 57–58). Gaynor states that federal funding for emergency rental assistance under the CAA and ARPA terminated on September 30, 2025. (Id. at 26, 31–32, 37, 48).

Gaynor filed a Complaint with this Court against State Defendants, Governor Wes Moore, Howard County, Maryland, Howard County Executive Calvin Ball, Extended Stay America, and Kahina Mouaici (collectively, "Defendants") on September 30, 2025. (ECF No. 1). He amended his Complaint on March 12, 2026. (ECF No. 37). On August 13, 2026, State Defendants moved to dismiss Gaynor's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), asserting immunity from suit in federal court under the Eleventh Amendment to the United States Constitution, and under Federal Rule of Civil Procedure 12(b)(6), asserting Gaynor's failure to state a claim upon which relief may be granted. (Mot. Dismiss at 1, ECF No. 62). The next day, Gaynor filed a Second Amended Complaint against Defendants, alleging violations of the Fair Housing Act ("FHA"), the CAA, ARPA, and his rights under the Fourteenth Amendment to the United States Constitution. (Am. Compl. at 7–59). On September 1, 2026, State Defendants filed a Supplement to Motion to Dismiss and Request for Dismissal of Second Amended Complaint, restating the arguments in their Motion to Dismiss as to Gaynor's Second Amended Complaint. (Suppl. Mot. Dismiss Req. Dismissal Second Am. Compl. at 1–2, ECF No. 67). Gaynor opposed the Motion to Dismiss on October 14, 2026. (ECF No. 71).[4]

---

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[4] The Court is in receipt of Gaynor's October 23, 2026, and October 30, 2026 Notices of Intent and Correspondence to the Court, (ECF Nos. 72–73), which it will construe as motions to supplement his Opposition. For reasons stated below, the Court finds that State Defendants are

**Standard of Review**

State Defendants move to dismiss Gaynor's claims against them (Claims 4, 5, and 7 of his Second Amended Complaint)[5] under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mem. L. Supp. Mot. Dismiss ["Mem."] at 2–3, 7, ECF No. 62-1). Here, because the Court finds that it lacks subject matter jurisdiction over Gaynor's claims against State Defendants under Rule 12(b)(1), it will dismiss Claims 4, 5, and 7 of the Second Amended Complaint on that basis and need not analyze State Defendants' arguments under Rule 12(b)(6). See Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018) ("Sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction."); Fulcrum Int'l, Inc. v. Prince George Ctr. I, Inc., 503 F.App'x 193, 194 (4th Cir. 2012) ("Assertions of governmental immunity are properly addressed under Fed.R.Civ.P. 12(b)(1), which permits the assertion of the defense of lack of jurisdiction over the subject matter of a claim for relief.").

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the U.S. Constitution. Fed.R.Civ.P. 12(b)(1). To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, when a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the

---

entitled to Eleventh Amendment immunity from Gaynor's claims; the Court thus finds that supplementation of Gaynor's Opposition would be futile. In addition, the Court notes that it afforded Gaynor ample time to oppose State Defendants' Motion to Dismiss in the first instance. (See Sep. 16, 2026 Order at 3, ECF No. 69 (granting motion to extend deadline for filing Opposition by twenty-eight days)). Accordingly, the Court will deny Gaynor's requests to supplement his Opposition.

[5] Claim 4 alleges violations of the FHA, the CAA, ARPA, and the Fourteenth Amendment by Secretary Day. (Second Am. Compl. ["Am. Compl."] at 29, ECF No.65). Claims 5 and 7 allege the same by the Department and the State of Maryland, respectively. (Id. at 34, 45, 48).

facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Fed.R.Civ.P. 12(h)(3). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Arbaugh, 546 U.S. at 506 (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

**Analysis**

State Defendants assert that they are entitled to Eleventh Amendment immunity. (Mem. at 3). The State of Maryland enjoys Eleventh Amendment immunity to suit unless it has consented to the suit or Congress has abrogated its immunity for the claim at issue. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Eleventh Amendment immunity also extends to an instrumentality of a state, absent waiver or Congressional abrogation. Id. at 100. Moreover, under the Eleventh Amendment, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). Official-capacity claims, therefore, are subject to Eleventh Amendment immunity. See Kentucky v. Graham, 473 U.S. 159, 167 (1985).

Here, the State of Maryland is entitled to Eleventh Amendment immunity from each of Gaynor's claims. First, 42 U.S.C. § 1983, under which Gaynor brings his Fourteenth Amendment claims, permits a civil action against any "person" who violates the Constitutional rights of another while acting "under color of" law. Id. The United States Supreme Court has held "that § 1983 does not abrogate the States' Eleventh Amendment immunity." Quern v. Jordan, 440 U.S. 332, 340 (1979); see also Edelman v. Jordan, 415 U.S. 651, 675–77 (1974) ("[I]t has not heretofore been

suggested that § 1983 was intended to create a waiver of a State's Eleventh Amendment immunity merely because an action could be brought under that section against state officers, rather than against the State itself."); Will, 491 U.S. at 65 (holding that "a State is not a 'person' within the meaning of § 1983"). State agencies "that are considered 'arms of the State'" are likewise immune from § 1983 actions under the Eleventh Amendment. Chin v. City of Balt., 241 F.Supp.2d 546, 548 (D.Md. 2003) (quoting Will, 491 U.S. at 70) ("[A] state agency is not a 'person' as the term is used in 42 U.S.C. § 1983."). The Department, a "principal department of [the] State government," Md. Code Ann., Hous. & Cmty. Dev. § 2-101 (West 2026), is an instrumentality of the State of Maryland to which Eleventh Amendment immunity extends. See Waters v. Dipino, No. GLR-16-3238, 2017 WL 1862487, at *3 (D.Md. May 9, 2017). Finally, although, under the Ex parte Young doctrine, a private individual may sue a state official in their official capacity for injunctive relief "to prevent ongoing violations of federal law," McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) (citing Ex parte Young, 209 U.S. 123, 159–60 (1908)), Gaynor has not alleged any such ongoing violation by Secretary Day.[6] Thus, Secretary Day is immune from Gaynor's § 1983 claims under the Eleventh Amendment.

Second, the FHA, the CAA, and ARPA contain no language expressing Congress's intent to abrogate the states' Eleventh Amendment Immunity. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (recognizing Congress's ability to "abrogate the States' Eleventh Amendment immunity when it . . . unequivocally intends to do so" (citing Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000)); Kuchmas v. Towson Univ., No. RDB-06-3281, 2007 WL 2694186, at *8 (D.Md. Sep. 10, 2007) ("[T]he text of the FHA lacks any clear statements of Congress's intent to abrogate states' immunity under the Eleventh Amendment."); see generally CAA, Pub. L. No. 116-260, 134 Stat. 1182 (2020) (containing no language expressing intent to abrogate states' Eleventh Amendment immunity); ARPA, Pub. L. No. 117-2, 135 Stat. 4 (2021) (same). Gaynor asserts in his Opposition that State Defendants "signed contracts that contained a voluntary waiver of their immunity" under the Eleventh Amendment "per acceptance of federal financial assistance." (Resp. Opp'n Mot. Dismiss at 1, ECF No. 71). This argument fails for two reasons. First, Gaynor has not attached copies of the alleged "United States Treasury contracts" to his Second Amended Complaint, (see Am. Compl. at 30, 36, 46); as such the Court is unable to ascertain whether those contracts contain language waiving the State of Maryland's Eleventh Amendment immunity. Second, states do not consent to a waiver of their Eleventh Amendment immunity by the acceptance of federal funds alone, see Sossamon v. Texas, 563 U.S. 277, 280, 293 (2011), and, as stated above, the emergency rental assistance provisions under the CAA and ARPA contain no language expressing Congress's intent to condition states' acceptance of federal funds on a waiver of Eleventh Amendment immunity. See generally CAA § 501; ARPA § 3201. Accordingly, the Court finds that State Defendants are entitled to Eleventh Amendment immunity

[6] Gaynor does request an injunction "extend[ing] the status quo of [State Defendants'] contractual obligations with the U.S. Treasury past" the conclusion of funding for emergency rental assistance under the American Rescue Plan Act of 2021 on September 30, 2025. (Am. Compl. at 32). He seeks this injunctive relief, however, as a remedy for alleged violations of federal law that prevented him from applying for and obtaining emergency rental assistance in the past, not for any alleged ongoing violations.

from each of Gaynor's claims and will grant the Motion to Dismiss Claims 4, 5, and 7 of the Second Amended Complaint.[7]

The Court, on its own initiative, will likewise dismiss Claim 6 of the Second Amended Complaint, which alleges violations of the FHA, the CAA, ARPA, and the Fourteenth Amendment by Governor Wes Moore, (see Am. Compl. at 39), because the Court finds that Governor Moore, in his official capacity, is entitled to the same Eleventh Amendment immunity as State Defendants. See Arbaugh, 546 U.S. at 506, 514; (Mem. at 1 n.2).

Finally, the Court notes that, to date, it has no record of service on the remaining defendants (Calvin Ball, Howard County, Extended Stay America, and Kahina Mouaici). Accordingly, the Court shall order Gaynor to show cause why it should not dismiss his remaining claims against the unserved defendants without prejudice.

## Conclusion

For the foregoing reasons, it is this 9th day of November, 2026, hereby ORDERED, ADJUDGED, and DECREED that State Defendants' Motion to Dismiss (ECF No. 62) is GRANTED. It is further ORDERED that Claims 4, 5, 6, and 7 of the Second Amended Complaint, against State Defendants and Governor Wes Moore, are DISMISSED with prejudice. It is further ORDERED that Gaynor's Motion for Reconsideration of Judge's 4/27/26 Order (ECF No. 57), Motion to Extend Time and Postpone Ruling to Supplement a Motion for Reconsideration of 4/27/26 Order (ECF No. 59), and Motion for Extension of Time to Respond to the Court's Rule 12/56 Notice (ECF No. 70), are DENIED as MOOT. It is further ORDERED that Gaynor's motions to supplement his Opposition (ECF Nos. 72–73) are DENIED. It is further ORDERED that Gaynor SHOW CAUSE within fourteen (14) days of the date of this Order why the remaining Claims in the Second Amended Complaint against Defendants Calvin Ball, Howard County, Extended Stay America, and Kahina Mouaici should not be dismissed without prejudice for lack of service. It is further ORDERED that the Clerk shall PROVIDE a copy of this Order to Gaynor

[7] Further, the Court will deny Gaynor's Motion for Reconsideration (ECF No. 57), Motion to Supplement (ECF No. 59), and Motion to Extend (ECF No. 70) as moot. The Motion for Reconsideration and Motion to Supplement the Motion for Reconsideration pertain to the Court's April 27, 2026 Order denying without prejudice Gaynor's Motion Requesting Leave of Court to Amend Complaint. (See Apr. 27, 2026 Order at 1, ECF No. 47; Mot. Reconsideration Judge's 4/27/26 Order at 1, ECF No. 57; Mot. Extend Time Postpone Ruling Suppl. Mot. Reconsideration 4/27/26 Order at 1, ECF No. 59). The Court has since granted leave for Gaynor to file his Second Amended Complaint, (see Aug. 14, 2026 Order at 1, ECF No. 64); accordingly, Gaynor's Motion for Reconsideration and Motion to Supplement are now moot. Gaynor's Motion to Extend, in which he requests an extension of time to respond to the Court's Rule 12/56 notice, (see Mot. Extension Time Respond Court's Rule 12/26 Notice at 1, ECF No. 70), is likewise moot. Gaynor has filed an Opposition to State Defendants' Motion to Dismiss, (see generally Resp. Opp'n Mot. Dismiss, ECF No. 71), and no further response is required.

via the email address of record, and to counsel of record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court.

/s/
George L. Russell, III
Chief United States District Judge